IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

                Plaintiff,

    v.

CAPTAIN MICHAEL GIERNOTH,
JIM SCHWOCHERT, STEPHANIE HOVE,
WARDEN PAUL S. KEMPER,
DEPUTY WARDEN STEVEN JOHNSON,          OPINION & ORDER
JASON ALDANA, M. BONES, CAPTAIN
WIEGAND, LT. AMIN, LT. JOHN/JANE DOES,         17-cv-735-jdp
SGT. HARRIS, SGT. JOHN/JANE DOE,
CORRECTIONAL OFFICER JOHN/JANE DOES,
M. HAGAN, PhD, L. BUHS, PhD, DR. KOZMIN,
DR. BAAS, DR. M. TOKAR, DR. M. WILINSKI,
MAINTENANCE SUPERVISOR JOHN/JANE
DOE, MAINTENANCE WORKER JOHN/JANE
DOE, and DR. SPOTTS,

                Defendants.

---

| | |
|---|---|
| JULIAN R. BLACKSHEAR, | |
| Plaintiff, | |
| v. | |
| CAPTAIN MICHAEL GIERNOTH, JIM SCHWOCHERT, STEPHANIE HOVE, WARDEN PAUL S. KEMPER, DEPUTY WARDEN STEVEN JOHNSON, JASON ALDANA, M. BONES, CAPTAIN WIEGAND, LT. MEYER, LT. JOHN/JANE DOES, SGT. HARRIS, SGT. JOHN/JANE DOE, CORRECTIONAL OFFICER JOHN/JANE DOES, DR. HAGAN, DR. L. BUHS, DR. KOZMIN, DR. BAAS, DR. M. TOKAR, DR. M. WILINSKI, DR. SPOTTS, MAINTENANCE SUPERVISOR JOHN/JANE DOE, and MAINTENANCE WORKER JOHN/JANE DOE, | OPINION & ORDER<br><br>17-cv-736-jdp |
| Defendants. | |

Pro se plaintiff Julian R. Blackshear, a state prisoner incarcerated at the Racine Correctional Institution (RCI), has filed two proposed complaints under 42 U.S.C. § 1983 alleging that prison officials were deliberately indifferent to the hazards present in his observation cell. Case No. 17-cv-735, Dkt. 1; Case No. 17-cv-736, Dkt. 1. Blackshear has paid the initial partial filing fee for each action as ordered by the court, so the next step in both cases is to screen the complaint. In doing so, I must dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In screening any pro se litigant's complaint, the court must read the allegations of the complaint generously. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). After reviewing the complaints with these principles in mind, I conclude that Blackshear had failed to state a claim against

defendants. But I will join his two cases and allow him an opportunity to file an amended complaint clarifying the individual defendants' roles in the events underlying the suit.

ALLEGATIONS OF FACT

Blackshear alleges the following facts in his '735 complaint. On May 24, 2017, Blackshear was confined to an observation cell at RCI while on suicide watch. The cell did not have padding or a security camera, and no one was observing it. Blackshear found a "large sharp metal bar" in the cell. Dkt. 1, at 6. He told RCI staff about the bar. He later found other dangerous items in the cell, including needles, a shank, staples, and razor shards. He alleges that each of the defendants was "indifferent to [his] safety." *Id.*

Blackshear alleges the following facts in his '736 complaint. On May 25, 2017, Blackshear was confined to the same observation cell at RCI while on suicide watch. The cell still did not have padding or a security camera, and once again, no one was observing it. Blackshear found razor shards in the cell. He later found other dangerous items in the cell. He submitted grievances about the "hazardous material" to defendant prison officials, but they did nothing. Dkt. 1, at 6. He alleges that each of the defendants "left [him] unwatched/unsafe and were extremely indifferent to [his] life." Dkt. 1, at 6.

ANALYSIS

Blackshear's two complaints concern the same course of conduct and nearly identical events taking place on consecutive dates. He names the exact same defendants in each case, with two exceptions: Lieutenant Amin is a defendant in only the '735 case, and Lieutenant Meyer is a defendant in only the '736 case. Blackshear could have brought all of his claims in

3

one case. *See* Fed. R. Civ. P. 18(a), 20(a)(2). I will consider them together in this order and join the cases under Federal Rule of Civil Procedure 20. I will dismiss Blackshear's complaint in the '736 case and direct the clerk of court to docket the '736 complaint in the '735 case. The initial partial filing fee that Blackshear has already paid in the '736 case will be credited to his remaining balance in the '735 case. He will not owe a filing fee for the '736 case.

Blackshear claims that defendants were deliberately indifferent to the hazards present in his observation cell in violation of his Eighth Amendment right to be free from cruel and unusual punishment. To state a deliberate indifference claim, Blackshear must allege that he "suffered an objectively serious harm that presented a substantial risk to his safety" and that defendants knew of and "intentionally disregarded the risk." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). A risk of suicide is an objectively serious harm. *Id.* Here, Blackshear alleges that he was left unattended in a cell with dangerous items while he was on observation status or suicide watch. But the details of each defendant's involvement are unclear. Blackshear has not alleged how the individuals named as defendants in this suit are "personally responsible for the constitutional deprivation." *Doyle v. Camelot Care Ctrs., Inc.*, 305 F.3d 603, 614 (7th Cir. 2002). I will give Blackshear an opportunity to amend his complaint to explain what *each* defendant knew about the conditions in his observation cell and what that defendant did (or did not do) to expose him to a risk of suicide. If he chooses to amend his complaint, he must file an entirely new complaint that replaces his original complaint. He need not cite laws; he need only describe what each named defendant did.

ORDER

IT IS ORDERED that:

1. The clerk of court is directed to amend the caption for case number 17-cv-735 to add Lieutenant Meyer as a defendant; docket plaintiff's complaint in case number 17-cv-736, Dkt. 1, in case number 17-cv-735; close case number 17-cv-736; and credit plaintiff's initial partial filing fee already paid in case number 17-cv-736 toward plaintiff's remaining balance in case number 17-cv-735. Plaintiff will not owe a filing fee for the '736 case.

2. Plaintiff Julian R. Blackshear's is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

3. Plaintiff's may have until November 21, 2017, to file an amended complaint that provides a short and plain statement of a claim against defendants. If plaintiff submits an amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss the case for plaintiff's failure to prosecute.

Entered October 31, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge