IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

            Plaintiff,

  v.

TINA AMIN, SGT. JOHN/JANE DOE,
CORRECTIONAL OFFICER JOHN/JANE DOE,
MARIANA TOKAR, MICHELLE WILINSKI,
MAINTENANCE SUPERVISOR JOHN/JANE
DOE, MAINTENANCE WORK JOHN/JANE
DOE, MICHAEL MAYER, AMY EPPING,
MARCELO CASTILLO, STEPHANIE O'NEILL,
and CHARLES VENA,

            Defendants.[1]

ORDER

17-cv-735-jdp

---

      Pro se plaintiff Julian R. Blackshear is incarcerated at the Racine Correctional Institution (RCI). I granted him leave to proceed on Eighth Amendment claims against several RCI officials who he alleges were deliberately indifferent to the hazards present in his observation cell. Defendants have moved to transfer the case to the Eastern District of Wisconsin. Dkt. 19. On April 18, Blackshear filed a one-page response; a "motion for ADR Act," Dkt. 22; and a motion for assistance in recruiting counsel. Dkt. 23. I will deny Blackshear's motions and order defendants to respond to Blackshear's allegations that he has been denied access to his legal materials and the law library. I will stay consideration of defendants' transfer motion pending defendants' response.

---

[1] I have updated the caption to reflect defendants' full names.

In his "motion for ADR Act," Blackshear appears to indicate that he is willing to negotiate with defendants. Dkt. 22. Blackshear is free to do so by communicating directly with defendants' counsel. Court-sponsored mediation is available if both sides agree to mediate. Blackshear may discuss mediation with defendants' counsel. Blackshear does not ask for, nor does he need, my permission to engage in negotiation or mediation. So I will deny his "motion for ADR Act."

As for Blackshear's request for counsel, as I have previously explained to him, this court generally requires a pro se plaintiff to demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factually difficulty of the case exceeds his demonstrated ability to prosecute it. *See* Dkt. 14, at 4. Blackshear contends that he needs a lawyer because of his mental health issues. Mental health issues are, unfortunately, common among prisoners litigating in this court and are not alone a reason to recruit counsel. So I will deny Blackshear's motion without prejudice to his renewing it later on.

But Blackshear also complains that he has been in clinical observation for "the last 16 of 18 days," and that he doesn't know when he'll be let out. Dkt. 23. While in clinical observation, he says, he has "no access to [his] legal files or the law library." *Id.* These are not reasons to recruit counsel, but they do raise questions about whether Blackshear's right of access to the courts is being infringed. As the United States Supreme Court has explained, "the fundamental constitutional right of access to courts requires prison authorities to assist inmates in preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Blackshear's one-page response to defendants' transfer motion is devoid of citation to legal authority, so I have some reason to suspect that he does not have access to the law

library. I will instruct defendants to look into the matter and submit a letter to the court explaining when Blackshear may expect to receive his legal papers pertaining to this case and whether he has adequate access to the law library while in clinical observation. I will allow Blackshear the opportunity to reply to defendants' response. After considering the parties' filings, I will determine whether to allow Blackshear the opportunity to supplement his response to defendants' transfer motion before ruling on it.

ORDER

IT IS ORDERED that:

1. Plaintiff Julian R. Blackshear's motion for assistance in recruiting counsel, Dkt. 23, is DENIED.

2. By May 15, 2018, defendants must explain when plaintiff may expect to receive his legal papers pertaining to this case and whether plaintiff has adequate access to the law library while in clinical observation. Plaintiff may file a response by May 25, 2018.

Entered May 1, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge