IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JULIAN R. BLACKSHEAR,

               Plaintiff,

  v.

TINA AMIN, SGT. JOHN/JANE DOE,
CORRECTIONAL OFFICER JOHN/JANE DOE,
MARIANA TOKAR, MICHELLE WILINSKI,
MAINTENANCE SUPERVISOR JOHN/JANE
DOE, MAINTENANCE WORK JOHN/JANE
DOE, MICHAEL MAYER, AMY EPPING,
MARCELO CASTILLO, STEPHANIE O'NEILL,
and CHARLES VENA,

               Defendants.

OPINION & ORDER

17-cv-735-jdp

---

      Pro se plaintiff Julian R. Blackshear is incarcerated at the Waupun Correctional Institution (WCI). I granted him leave to proceed on Eighth Amendment claims against several Racine Correctional Institution (RCI) officials who he alleges were deliberately indifferent to the hazards present in his observation cell. Defendants have moved to transfer the case to the Eastern District of Wisconsin. Dkt. 19. In a May 1, 2018 order, I instructed defendants to respond to Blackshear's allegations that he has been denied access to his legal materials and the law library. I stayed consideration of defendants' transfer motion pending defendants' response.

      Since then, defendants have responded, indicating that Blackshear was transferred from RCI to WCI in early May and that he has access to his legal materials and the restrictive housing unit law library at WCI. Blackshear has not replied to defendants' response, even though I gave him the opportunity to do so. It's clear that he is capable of corresponding with

the court because he has filed another motion "to add defendants," *see* Dkt. 27, and a notice of his new address, *see* Dkt. 26. So I take his silence to mean that he agrees with defendants that he now has access to his legal materials and the law library and that he does not wish to supplement his response to defendants' transfer motion. It does not appear that Blackshear's right of access to the court is being denied, so I will turn my attention to defendants' motion to transfer venue.

Under 28 U.S.C. § 1404(a), a court may transfer a case to another district where the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. *See Coffey v. Van Porn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). The defendants bear the burden of establishing that the transferee forum is clearly more convenient. *Coffey*, 796 F.2d at 219. The parties do not dispute that venue is proper in both the Western District and the Eastern District, so I will turn directly to the convenience and interest-of-justice inquiries.

The convenience inquiry "generally" focuses on "the availability of and access to witnesses, and each party's access to and distance from resources in each forum." *Research Automation*, 626 F.3d at 978. Defendants contend that the Eastern District, where RCI is located, is clearly more convenient for the parties and witnesses because the events at issue occurred there, the parties reside there, and many potential witnesses "are located" there. Dkt. 19, at 2. Blackshear does not dispute that these factors weigh in favor of transfer, but he stresses that he chose to file in the Western District. "The plaintiff's choice of forum is usually given substantial weight," although it "is given less deference 'when another forum has a stronger

2

relationship to the dispute.'" *Almond v. Pollard*, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010) (quoting *Amorose v. C.H. Robinson Worldwide, Inc.*, 521 F. Supp. 2d 731, 735 (N.D. Ill. 2007)).

The interest-of-justice inquiry "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." *Id.* Defendants acknowledge that the Eastern District and Western District share similar caseloads and similar time to trial; both courts are familiar with the relevant law. They don't argue the remaining factors.

Blackshear says he wants his case tried in the Western District "because of the ADR Act Rule that the Western District has" (I take Blackshear to mean mediation) and because fewer filings in the Western District mean his "case could be focused on more." Dkt. 20, at 1. But mediation is available in the Eastern District as well as the Western District, and as the judicial caseload statistics provided by defendants indicate, each judge in the Eastern District has fewer cases, on average, than each judge in the Western District. *See* Dkt. 19-1. Blackshear's case will receive adequate attention and an opportunity for mediation regardless of which district it is litigated in. Thus, the interest of justice does not weigh for or against transfer. Although Blackshear's choice of forum is entitled to some deference, it appears that his choice was based on misapprehensions about the number of cases per judge and the availability of mediation in each district. I conclude that defendants have met their burden of showing that

3

Eastern District of Wisconsin is clearly more convenient. I will stay consideration of Blackshear's "motion to add defendants" pending transfer.

ORDER

IT IS ORDERED that:

1. Defendants' motion to transfer, Dkt. 19, is GRANTED.

2. This case is transferred to the United States District Court for the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

Entered June 4, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge